```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**RONALD WAYNE BLEVINS,**

      **Plaintiff,**

**v.**                             **Case No. 2:05-cv-00941**

**WEST VIRGINIA FEDERAL CREDIT UNION,**
**JEREMIAH L. DARNALL,**
**MELISSA G. DARNALL,**
**STEPHEN L. GAYLOCK, and**
**JEREMIAH MCCORMICK,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff's "Motion for Continuance" (docket sheet document # 15) and Plaintiff's "Motion for Magistrate to Self-Recuse Herself" (# 17). This matter was referred to the undersigned United States Magistrate Judge for pre-trial management and submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1).

## PROCEDURAL HISTORY

On November 28, 2005, Plaintiff filed a Motion to Proceed <u>in forma pauperis</u> (# 1), a "Civil Complaint" concerning "Conspiracy to Infringe on Civil Rights" (# 2), an "Emergency Motion to Stay Eviction" (# 3), a "Motion for Impetus Grasis Emergency Ex Parte Hearing" (# 4) and an "Affidavit and Memorandum of Law" (# 5).

A status conference was held in this matter on January 23, 2006. Plaintiff appeared in person. The undersigned United States

Magistrate Judge informed Plaintiff that his Motion to Proceed <u>in forma pauperis</u> was insufficient because he had not provided any financial information upon which the court could determine his eligibility for pauper status. Plaintiff was instructed to obtain an "Application to Proceed Without Prepayment of Fees" from the Clerk's Office, if he wished to seek pauper status.

The undersigned further addressed the allegations in Plaintiff's Complaint, and advised Plaintiff that the allegations do not presently state any basis for federal jurisdiction. The undersigned further admonished Plaintiff about the requirements of Rule 11 of the Federal Rules of Civil Procedure, and the possible imposition of sanctions for failure to comply with that rule.

Plaintiff requested time to file an amended complaint. By written order entered on January 23, 2006, Plaintiff's request to file an amended complaint was granted, and a deadline for filing of an amended complaint was set for March 6, 2006. Plaintiff was further ordered to file the Application to Proceed Without Prepayment of Fees, or to pay the $250 filing fee by that date, as well.

On January 23, 2006, Plaintiff filed a Motion to Waive Filing Fees (# 10), a Verified Motion to Waive Filing Fees (# 11), a Brief in Support of Motion to Proceed In Forma Pauperis and in Support of Motion to Waive Filing Fees (# 12), and a Motion of Request for Continuance (# 13). The undersigned believes that these documents

crossed in the mail with the undersigned's January 23, 2006 Order.

On January 30, 2006, the undersigned entered an Order which again advised Plaintiff that the documents he had filed in support of his motion to proceed without prepayment of fees were insufficient, and which denied Plaintiff's pending motions for leave to proceed in forma pauperis or to waive filing fees. The undersigned directed the Clerk's Office to mail Plaintiff a "Motion to Proceed Without Prepayment of Fees" form, which would provide the court with the information necessary to rule on the motion. Plaintiff was ordered to file that form by March 6, 2006. He has failed to do so. The January 30, 2006 Order also denied what the court construed as Plaintiff's request for the undersigned to recuse herself.

On January 31, 2006, Plaintiff curiously filed a document in which he again requested a continuance of the January 23, 2006 status conference, which had already taken place, and in which he participated. (# 15). It is hereby **ORDERED** that Plaintiff's Motion for Continuance (# 15) is hereby **DENIED AS MOOT.**

On January 31, 2006, Plaintiff filed a document entitled "Notice of Non-Consent to Proceed Before a U.S. Magistrate Judge" (# 16). On March 6, 2006, Plaintiff filed a "Motion for Magistrate to Self-Recuse Herself" (# 17), a "First Supplementary Amendment of Complaint" (# 18), and a "Second Brief in support to Proceed In Forma Pauperis and in support of Motion to Waive Filing Fees" (#

3

19).

## ANALYSIS

The undersigned will first address Plaintiff's "Notice of Non-Consent" (# 16) and "Motion for Magistrate to Self-Recuse Herself" (# 17).  Section 636 of Title 28 of the United States Code addresses the jurisdiction and powers of a United States Magistrate Judge.  28 U.S.C. § 636(b)(1) provides as follows:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings and recommendations for the disposition, by a judge of the court, of any motion excepted by paragraph (A), of applications for posttrial [footnote omitted] relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

28 U.S.C. § 636(b)(1).  Section 636(c) further provides that the parties may consent to having a magistrate judge conduct all of the proceedings in a matter, including the entry of judgment, without the review of the district judge.  It appears that Plaintiff is

relying upon section 636(c) in his "Notice of Non-Consent."

By Standing Order of the district judges in this district, matters in which the party bringing a civil action is not represented by counsel are automatically referred to a magistrate judge, pursuant to section 636(b)(1). Thus, the undersigned United States Magistrate Judge has authority to conduct initial proceedings and make determinations on non-dispositive matters, such as Plaintiff's motions to proceed without prepayment of fees. The undersigned also has authority to review the pleadings, propose findings, and make recommendations to the presiding District Judge concerning the disposition of the matter. Plaintiff has not filed a consent to proceed before a magistrate judge. Therefore, 28 U.S.C. § 636(c) is inapplicable under the circumstances, and Plaintiff's "Notice of Non-Consent" has no effect on the undersigned's authority under 28 U.S.C. § 636(b)(1).

Plaintiff has neither demonstrated that the undersigned has an actual conflict of interest, nor shown any other basis for the undersigned's recusal in this matter. If Plaintiff is dissatisfied with the undersigned's rulings or proposed findings and recommendations, he will have ten days (plus three days for mailing) in which to object to such rulings or proposed findings and recommendations and, if he so objects, the presiding District Judge will conduct the appropriate review. For these reasons, Plaintiff's "Motion for Magistrate to Self-Recuse Herself" (# 17)

is hereby **DENIED**.

The Clerk is directed to mail a copy of this Order to Plaintiff.

ENTER: March 8, 2006

_____
Mary E. Stanley
United States Magistrate Judge